I, Gerard A. Burgos, Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, hereinafter referred to as ATF being duly sworn, depose and state as follows:

## AGENT BACKGROUND AND INTRODUCTION

1. I am a Task Force Agent with the Bureau of Alcohol Tobacco, Firearms & Explosives (ATF) in Hato Rey, Puerto Rico, and have been so for the past eleven (11) years. Prior to becoming a Task Force Agent, I worked for thirteen (13) years as an Officer with the Ponce Municipality Police. I am currently assigned to the ATF Violent Crime Group. As part of the Violent Crimes Group, I conduct investigations of violent gangs, firearms and narcotics violations. I have specialized training and/or experience in the area of high-level drug enforcement, street-level drug enforcement, narcotics smuggling and distribution, gangs, undercover operations, surveillance and debriefing informants and suspects.

2. During my employment with the ATF, I participated in weapons and narcotics investigations with senior, experienced SAs and Task Force Officers (TFOs). These investigations included interviewing defendants, witnesses, and informants, conducting surveillance, assisting with court-ordered wiretaps, and executing search warrants. Through my training, experience, and interaction with senior SAs, TFOs, and other investigators, I have participated in cases involving the trafficking of firearms, the use and possession of firearms by persons prohibited by law, and the possession of illegal firearms.

3. In addition, I have had conversations and worked alongside other experienced local, state, and federal law enforcement officers, as well as state and federal prosecuting attorneys concerning violations of firearms and narcotics laws.

4. The details and information stated herein are based on my training, experience and personal knowledge and compilation of facts and events investigated by me and other Law Enforcement

Officers such as agents from the Puerto Rico Police Bureau, who investigated and confirmed their veracity or oversaw their developments. I have drafted this affidavit to the limited purpose of establishing probable cause that Eliezer CASTRO-VELAZQUEZ violated the Title 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime, Title 21 U.S.C. §841 possess with intent to distribute or sell controlled substances (cocaine) Title 21 U.S.C. §841 possess with intent to distribute or sell controlled substances (crack) and Title 21 U.S.C. §841 possess with intent to distribute or sell controlled substances (marijuana). Therefore, I have not included all of the facts of this investigation.

## PROBABLE CAUSE

5. On February 10, 2025, agents of the Puerto Rico Police Bureau (PRPB) received information from anonymous person who reported that, at Road #907, Barrio Las Lomas, Sector Las Yayas, in Canóvanas, PR an individual known as Eliezer CASTRO-VELAZQUEZ sells drugs and distribute narcotics in a house located to the right to the basketball court.

6. The house was described as a two-story house, painted in green, white and brown. The informant also stated that CASTRO-VELAZQUEZ has been observed carrying firearms at the house.

7. PRPB Agents located the house at Road #907, Barrio Las Lomas, Sector Las Yayas, in Canóvanas, PR, matching the description provided by the informant and conducted surveillance on several occasions. During surveillance on March 20, 2025, they observed a male matching the description provided by the informant, entering and exiting the residence in possession of what they identified as distribution amounts of controlled substances and carrying a firearm.

8. On April 4, 2025, agents from the Puerto Rico Police Bureau (PRPB) executed a search warrant in the house at Road #907, Barrio Las Lomas, Sector Las Yayas, in Canóvanas, PR. Upon arrival, the agents entered the residence and encountered an individual later identified as Eliezer

CASTRO-VELAZQUEZ. The agents issued verbal commands for him to walk towards them, at which point he was detained for security reasons. The PRPB agent stated that the scene was photographed by technical services agents and that a K9 unit was deployed to assist with the search, which alerted to different areas of the bedroom.

9. A PRPB agent stated that in the bedroom by the nightstand, there was a container holding what, based on his experience, appeared to be marijuana. The agent asked CASTRO-VELAZQUEZ if he had a medical cannabis license, to which he responded affirmatively. The agent stated that they continued observing and noticed vials containing a white substance that based on their experience appeared to be crack cocaine. As a result, CASTRO-VELAZQUEZ was placed under arrest and Miranda warnings were read verbally to CASTRO-VELAZQUEZ.

10. The agent further stated that in the bedroom dressers, controlled substances and money was found. Under a red cushion on the bed, a Glock pistol and a magazine were discovered. In the closet area, inside a black bag, a loaded AK-47 pistol was found, along with an additional magazine. In one of the bag's pockets, a plastic Ziploc bag containing ammunition was discovered, and a pneumatic rifle was also seized.

11. PRPB Agents made an inventory of everything seized at CASTRO-VELAZQUEZ bedroom:

- One (1) Glock Pistol, Model 30, .45 caliber, SN KTB380
- One (1) AK-47 pistol, model SA2000, SN C1003995
- Fifty-five (55) Rounds of .45 caliber ammunitions
- One hundred and thirty-five (135) Rounds of 7.62 caliber ammunitions
- One (1) Round of 2.23 caliber ammunition
- Two (2) Rifle Magazines
- Three (3) Glocks Magazines for .45 caliber ammunition
- One hundred and seventy-four (174) clear vials containing suspected cocaine base "crack" (field tested positive to cocaine)
- Two (2) bags containing cocaine (field tested positive to cocaine)
- Six (6) ziploc baggies bearing "Zombie Madness" containing marijuana (field tested positive to marijuana)
- One (1) big clear plastic bag containing marijuana (field tested positive to marijuana);

3

- One (1) digital scale
- One (1) Apple iPhone Cellphone
- One (1) Black Cellphone
- Six (6) ziploc baggies containing paraphernalia
- Two thousand and three hundred and nine dollars ($2,309.00)



12. CASTRO-VELAZQUEZ told the PRPB agents that all the seized items belonged to him. He stated that he needed to be prepared because his enemies had previously shot at him, and for security reasons, he required the firearm.

13. A preliminary field test examination of the firearm AK-47 black in color without ammunitions, indicated that this firearm can fire more than a single round of ammunition per single function of the trigger, which would meet the legal definition of a machine gun. Based on my training, knowledge and experience with ATF, the device on the AK-47 was not installed by the manufacturer and was placed on the firearm with the sole purpose of illegally modifying it to fire fully automatic, meaning that is capable of expelling more than one (1) projectile from one single pull of the trigger.

14. Further investigation revealed that CASTRO-VELAZQUEZ has been previously convicted of a felony crime punishable for a term exceeding one year of imprisonment.

15. Based on the above facts, I have probable cause to believe that Eliezer CASTRO-VELAZQUEZ violated federal firearms and controlled substance laws. Specifically, Title 18 U.S.C. § 924(c)(1)(A)(i) (Possession of a firearm in furtherance of a federal drug trafficking crime), 21 U.S.C. § 841(a)(1) (Possession of a cocaine with intent to distribute), 21 U.S.C. § 841(a)(l)(Possession of a cocaine base "crack" with intent to distribute), and 21 U.S.C. § 841(a)(l)(Possession of a marijuana with intent to distribute).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Gerard A. Burgos
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms & Explosives

**SWORN AND SUBSCRIBED** before me by telephone at 7:35 am, pursuant to FRCP 4.1 this 5th day of April of 2025, in San Juan, Puerto Rico.

Hon. Giselle López Soler
United States Magistrate Judge
District of Puerto Rico

Digitally signed by Hon. Giselle López-Soler